## LEWIS v CHESAPEAKE & OHIO RAILWAY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4052. Decided May 3, 1932

J. G. Williams, for plaintiff in error.

Galvin & Tracy, Cincinnati, and J. Paul Geoghegan, Cincinnati, for defendant in error.

HAMILTON, J.

The evidence does not support any tortious acts on the part of the employes of the Railway Company. The most that can be said is that the conductor talked roughly. The evidence further shows that the employes of the Railway communicated ahead and had a funeral car meet Lewis with the body at White Sulphur Springs Station, which is about 6 miles this side of Allegheny. Lewis got off the train without any further effort to have him do so on the part of the employes of the Railway Company. The corpse was taken from the train and placed in the funeral car, Lewis accompanying the corpse in the car. The evidence is that the only inconvenience suffered by Lewis was, that he was forced to travel 6 miles farther to reach the home where the funeral was to be held, than if the corpse had been discharged at Allegheny. The action was, therefore, ex contractu. rather than ex delicto, and there is no substantial showing of any inconvenience or suffering, as the evidence does not show anything done by any of the employes of the Railway Company to cause humiliation or additional grief.

The question was, therefore, one of damage for breach of the contract to carry Lewis and the body of his brother 6 miles farther than it did.

As heretofore stated, the jury awarded a verdict for $750. The trial court reduced it to $500. The Court of Common Pleas, on review, found the judgment excessive, and thought by reason of the amount it had been induced by passion and prejudice. We are in accord with the Court of Common Pleas in finding the judgment excessive, but we see no reason to believe it was caused by passion or prejudice. Had the judgment been in the amount of $250, justice would have been done.

Our conclusion is, that if the plaintiff in error will remit all in excess of $250, the judgment of the Court of Common Pleas will be reversed, and the judgment of the Municipal Court, as so modified, will be affirmed. If plaintiff in error declines to consent to a remittitur, as above indicated, the judgment of the Court of Common Pleas, remanding the case to the Municipal Court, will be affirmed.

ROSS, PJ, and CUSHING, J, concur.